**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN DOE,

          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,

          Agency.

DOCKET NUMBER
DA-0752-16-0100-I-2

DATE: March 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Doe</u>, Enid, Oklahoma, pro se.

<u>Jeremiah Crowley</u>, Esquire, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal based on one charge of conduct unbecoming. On petition

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

for review, the appellant argues that the administrative judge erred in finding the following:  that he was less credible than the individual who accused him of the conduct for which he was removed; that the agency proved the charge, nexus, and the reasonableness of the penalty; and that he waived or failed to establish his due process affirmative defense.  He further argues that the administrative judge failed to consider his argument that his removal resulted from unlawful command influence.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to address the probative value of certain hearsay evidence, we AFFIRM the initial decision.

¶2      We MODIFY the initial decision to find that the police department's December 8, 2014 supplemental narrative report is hearsay evidence that does not have a high probative value and that the statements attributed to the appellant in the report do not lessen his relative credibility.  *See Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981) (setting forth the factors that may affect the probative value of hearsay evidence).  Notwithstanding this slight modification to the administrative judge's credibility analysis, the appellant has not provided sufficiently sound reasons to overturn the administrative judge's other credibility

determinations, including his demeanor-based findings, or his ultimate determination that the appellant was less credible than the individual who stated that he engaged in the conduct for which he was removed. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (providing that the Board must defer to an administrative judge's findings regarding credibility when those findings are based on the demeanor of the testifying witnesses and may overturn demeanor-based credibility findings only if the Board has sufficiently sound reasons for doing so). Therefore, we do not disturb the administrative judge's determination that the agency proved the charge of conduct unbecoming.[3]

¶3      Although the appellant argues on review that the administrative judge failed to consider his unlawful command influence defense, it does not appear that he raised it below. Therefore, we need not consider it for the first time on review. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Even if he did raise it below, he waived or abandoned it by, among other things, failing to object to the administrative judge's order and summary of the issues, which did not identify this defense as one that would be adjudicated. *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 18-25 (setting forth the factors to be considered in determining whether an appellant has waived or abandoned an affirmative defense). In any event, the appellant's unlawful command influence defense, which is derived from Article 37 of the Uniform Code of Military Justice, is misplaced in this Board proceeding. *See* 10 U.S.C. § 837; *United States v. Biagase*, 50 M.J. 143, 149-51 (C.A.A.F. 1999). The administrative

---

[3] The administrative judge characterized the agency's charge as involving "a he said, she said, scenario," citing *Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 7 (2004) and *Vicente v. Department of the Army*, 87 M.S.P.R. 80, ¶ 7 (2000). ID at 5-6. We agree that the resolution of the case depends on an assessment of the relative credibility of two individuals. However, we note that this requires no special credibility assessment and such cases are no different than any other case involving conflicting testimony. *See, e.g.*, *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). We see no reason to label such matters as "he said, she said," as that may suggest that a different standard applies in the assessment of credibility.

judge considered the appellant's argument that the deciding official was biased and acted in an improper manner in carrying out his duties as a deciding official but found no merit to these conditions. We discern no basis to disturb this finding.

¶4    We have considered the appellant's other arguments on review but conclude that they provide no basis to disturb the initial decision. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

### NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).    If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.